**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICTORIA HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:26-cv-00506-SEP |
| | ) | |
| JULIE POLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Victoria Hall's Application to Proceed in District Court Without Prepayment of Fees and Costs. *See* Doc. [2]. For the reasons set forth below, the Application is denied and the Complaint dismissed.

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (italics added). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed *in forma pauperis*. A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Here, Plaintiff's Complaint alleges nothing more than that Defendants violated someone's Fourteenth Amendment rights. Doc. [1] at 1.[1]

Even construing Plaintiff's Complaint liberally, her allegations fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]"). Even a pro se "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

---

[1] The entire text of the Complaint as filed is as follows:

1. Defendants violated fourteenth amendment rights,

2. Plaintiff demands a reasonable amount to be decided by the Court.

Plaintiff here does not provide any factual information explaining who the parties are, what they are alleged to have done, or her reasons for filing the matter in the United States District Court for the Eastern District of Missouri.  Further, Plaintiff has filed identical complaints against Defendants Julia Poley, Michael Faleck, Sulay Grant, and Dawn Hill-Kearse in numerous federal courts around the country, including in Arkansas, Illinois, Indiana, Kentucky, Massachusetts, Maryland, Michigan, Missouri, Mississippi, North Carolina, North Dakota, Nebraska, Rhode Island, Tennessee, Texas, Virginia, Wisconsin, and West Virginia.[2] The cases were all filed between April 1st and 7th, 2026.  The complaints are all dated March 17, 2026.  Plaintiff's mailing address on her return envelope for her Complaint is Tupelo, Mississippi, but the Complaint was mailed from New York, NY.  *See* Doc. [1] at 2.

An action is "malicious" in the context of § 1915(e)(2)(B)(i) where it is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).  Dismissal based on maliciousness is appropriate where the complaint is "part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey v. Asher*, 741 F.2d 209, 212-13 (8th Cir. 1984); *see also Carter v. Schafer*, 273 Fed. Appx. 581 (8th Cir. 2008) (dismissal for maliciousness upheld where plaintiff "filed at least thirty separate complaints" in a five-year period, with a number raising "issues that are the same as or are substantially similar to those in the instant case, against the same defendants").  Where a plaintiff files identical vacuous allegations against the same defendants in numerous courts within a matter of days, that plaintiff plainly intends to harass either those defendants or the Court or both.  The Court therefore also finds this action malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** as malicious and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2] *See* PACER, the federal courts' electronic records system.

[3] Because the Court finds the Complaint malicious, it will not permit Plaintiff to proceed *in forma pauperis*.  *See Gentile v. Missouri Dept. of Corrections and Human Resources*, 986 F.2d 214, 217 (8th Cir. 1993).

Dated this 29th day of May, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3